Chief Justice SAYLOR,
concurring.
I join the majority opinion, subject to the following observation.
While I support the majority’s remand for a determination of the other two factors necessary to prove intellectual disability under Commonwealth v. Miller, 585 Pa. 144, 888 A.2d 624 (2005),[1] I am circumspect about directing that the remand proceedings necessarily should be channeled through an ineffectiveness overlay. See Majority Opinion, at 514-16, 130 A.3d at 695-96 (remanding to determine whether trial counsel had a reasonable basis for failing to discover additional evidence indicating intellectual disability, and whether Appellant was prejudiced). The United States Supreme Court has held that the execution of an intellectually disabled offender is excessive under the Eighth Amendment; thus, the federal Constitution places a “substantive restriction” upon the government’s power to take the life of such an offender. Atkins v. Virginia, 536 U.S. 304, 321, 122 S.Ct. 2242, 2252, 153 L.Ed.2d 335 (2002); see also Brumfield v. Cain, — U.S. -, -, 135 S.Ct. 2269, 2273, 192 L.Ed.2d 356 (2015) (characterizing Atkins as “recognizing] that the execution of the intellectually disabled contravenes the Eighth Amendment’s prohibition on cruel and unusual punishment”). Given the execution-eligibility terms in *517 which the Atkins restriction is phrased, it would appear that a strong argument exists that, if Appellant is determined to be intellectually disabled, the sentence of death must be vacated, irrespective of whether trial counsel can be faulted for failing to marshal a better case to prove the disability.[2] At a minimum, I suggest that the trial court direct supplemental briefing on the point.

. As the majority explains, in addition to establishing age-of-onset prior to age eighteen, the defendant must establish his limited or subaverage intellectual functioning and significant adaptive limitations. See Miller, 585 Pa. at 153, 888 A.2d at 630; see also Commonwealth v. Gibson, 592 Pa. 411, 415, 925 A.2d 167, 169 (2007).

. Of course, in ordinary post-conviction proceedings centered on the stewardship of counsel, it may not be essential for the court to make a full assessment of every facet of the underlying merits; rather, as a general rule, the court need only proceed to the point of determining the "arguable merit” of claims. However, in the discrete Atkins setting, and where "arguable merit” and prejudice are established, it would seem to be grossly inefficient to refrain from assessing the full merits of whether the prisoner actually suffers from intellectual disability (since this alternative would entail considering relief in terms of whether a new Atkins proceeding should be awarded, as an intermediate step to determining whether the death-sentence should be vacated and a life sentence imposed). Indeed, in collateral review cases where an Atkins claim has been pursued without the ineffectiveness overlay, PCRA courts have contemporaneously made the ultimate determination of intellectual disability and vacated the sentence of death. See Commonwealth v. Bracey, 632 Pa. 75, 77-80, 117 A.3d 270, 272-73 (2015); Commonwealth v. Hackett, 626 Pa. 567, 571, 99 A.3d 11, 13 (2014); Commonwealth v. DeJesus, 619 Pa. 70, 73, 58 A.3d 62, 64-65 (2012). Moreover, as indicated above, at the point at which intellectual disability is established, it seems highly problematic to consider denying relief on reasonable-strategy grounds. Thus, some adjustments to the conventional approach to post-conviction claims may be in order for this unique species of claim.